UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| In re: ) | |
| ) | |
| LOUISE ANNE PETERSON ) | Case No. 10-15315-SSM |
| ) | Chapter 13 |
| Debtor ) | |
| ) | |
| LOUISE ANNE PETERSON ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Adversary Proceeding No. 10-1304 |
| ) | |
| UNITED BANKSHARES, INC., D/B/A ) | |
| UNITED BANK ) | |
| ) | |
| Defendant ) | |

**MEMORANDUM OPINION**

This is an action by a chapter 13 debtor to strip off a second-lien deed of trust as wholly unsecured. The only disputed issue is the value of the real property. The parties have submitted the issues on a stipulated record, and the court, having reviewed the stipulation and the exhibits, is prepared to rule. For the reasons stated, the court determines that the deed of trust cannot be avoided. This opinion constitutes the court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052 and Rule 52(a), Federal Rules of Civil Procedure.

Background and Findings of Fact

The plaintiff, Louise Anne Peterson ("the debtor"), filed a petition in this court on June 24, 2010, for adjustment of her debts under chapter 13 of the Bankruptcy Code. Among the

1

assets listed on her schedules is real property located at 4435-4455 Dogwood Tree Lane, Haymarket, Virginia, which she valued at $850,000, subject to a first deed of trust in favor of BAC Home Loans Servicing, LP ("BAC") on which there was owed $861,000, and a second deed of trust in favor of United BankShares, Inc. ("United Bank"), on which there was owed $248,000. A plan dated June 30, 2010, was confirmed without objection on September 2, 2010. It provides for regular contract payments to be made on the first deed of trust, with estimated arrears in the amount of $45,000 being cured over a 50-month period. It further provides for the bringing of the present action to avoid United Bank's deed of trust, with the result that its claim would be treated as unsecured. The estimated distribution on unsecured claims is 3 cents on the dollar.

The parties have stipulated that United Bank is the holder of a valid deed of trust against the property which is subordinate to the BAC deed of trust; that the balance due on the BAC deed of trust on the filing date of the bankruptcy petition was $864,395.35; and that the balance due on the United Bank deed of trust was $244,425.05.

The parties disagree as to the value of the real estate and have submitted competing appraisals (and, in the case of United Bank, a review appraisal of the debtor's appraisal) which they have stipulated that the court may consider. The property, as it turns out, was once a single tract of land (Lot 8, Waterfall Farm) but was sub-divided in 2006 into two separate but adjacent parcels (Lot 8-A and Lot 8-B, Waterfall Farm).[1] The first, 4455 Dogwood Tree Court (Lot 8-A),

---

[1] The BAC deed of trust was placed on the property in August 2005, before the resubdivision, while the United Bank deed of trust was placed on the property in March 2007, following the resubdivision. The United Bank deed of trust does, however, encumber both parcels.

is improved by a 3-bedroom, 5-bathroom, 5,253 square foot residence (with an additional 2,319 square feet, including 2 bedrooms and 1 bathroom, below grade) on 10.85 acres.  The second, 4435 Dogwood Tree Court (Lot 8-B) is 10 acres of open land.  United Bank's appraiser, Kimberly S. Bradley, valued both parcels together at $920,000.  The debtor's appraiser, Raymond Halverson, valued the improved parcel at $765,000 and the unimproved parcel at $40,000, for a total of $805,000.  Both appraisers, although also performing a cost approach, relied on the sales comparison approach.  The Prince William County tax assessor assessed the full value of the improved parcel, as of January 1, 2010, at $832,000 and the unimproved lot at $235,200 (although taxes are payable only on $726,000 and $1,500 of those values, respectively, under an agricultural "land use" classification).  Helverson's low valuation of the unimproved parcel is primarily the result of substantial negative adjustments he made from comparable sales[2] based on information he was provided by Prince William County that an adequate site had not been established to support a septic field "and therefore the subject property cannot support a residence."  In her review appraisal, Bradley takes issue with this conclusion based on her own discussions with Prince William County officials, which reflected only that the county had turned down a particular design for a waste disposal system but that no final determination had been

---

[2] The magnitude of the adjustments are shown by the following table:

| Comparable | Sales Price | Adjustments | Indicated Value |
|---|---|---|---|
| #1 | $125,000 | ($97,500) | $27,500 |
| #2 | $116,000 | ($66,200) | $49,800 |
| #3 | $277,000 | ($235,750) | $41,750 |

made that the site was unbuildable. She did concede, however, that some downward adjustment—which she placed at $10,000—was warranted to account for the uncertainty and the expense of engineering a suitable system. (Because Bradley appraised the property as if it were a single 20.85 acre parcel, she made no downward adjustment for septic field suitability, since the residence was adequately served by a well and septic field). Based on the photographs attached to both appraisals, the property is rather handsome and imposing and has a number of luxury features, not to mention a horse riding ring and stable. In short, it comes across as a desirable and high-end property.

The court has carefully considered the competing appraisals, to which the court has given primary weight. Although a real estate assessment is admissible as evidence of value, *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532 (4th Cir. 2007), the court has given it little weight, except as a reality check. In that respect, the court does find that the Helverson valuation of the unimproved parcel is skewed by excessive downward adjustments from the comparable sales, and the court finds that a more reasonable estimate of value for the unimproved lot is $105,000. When added to Helverson's valuation of $765,000 for the improved parcel, the resulting total is $870,000, compared with $920,000 for Bradley. Because Helverson's adjustments for comparable sales on the improved parcel are considerably smaller in magnitude than Bradley's are for hers, the court is inclined to give somewhat more weight to Helverson's valuation of the improved parcel. Although the issue is obviously not free from doubt, at the end of the day, the court finds that the most reasonable estimate of value for the two parcels together is $880,000.

Conclusions of Law and Discussion

I.

The plaintiff contends that United Bank's deed of trust is void because there is no equity to which it can attach. This court has subject-matter jurisdiction under 28 U.S.C. §§ 1334 and 157(a) and the general order of reference entered by the United States District Court for the Eastern District of Virginia on August 15, 1984. A determination of the validity, extent, or priority of a lien against property of the estate is a core proceeding in which a final judgment or order may be entered by a bankruptcy judge. 28 U.S.C. § 157(b)(2)(K). Venue is proper in this district under 28 U.S.C. § 1409(a). The defendant has been properly served and has appeared generally.

II.

Outside of bankruptcy, a creditor with a lien securing a claim is entitled to retain its lien until it is paid in full. In bankruptcy, however, a claim is treated as secured only to the extent of the debtor's interest in the collateral, and is otherwise an unsecured claim. § 506(a), Bankruptcy Code. Additionally, a lien securing a claim that is not an allowed secured claim is void. § 506(d), Bankruptcy Code. The Supreme Court has held, however, that these provisions do not allow a chapter 7 debtor to "strip down" a secured claim to the value of the collateral. *Dewsnup v. Timm*, 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). Lower courts have similarly held that even a mortgage that is unsupported by *any* equity in the property cannot be "stripped off" by the debtor in a chapter 7 case. *Ryan v. Homecomings Financial Network*, 253 F.3d 778 (4th Cir. 2001).

Although the Supreme Court has never ruled on the issue, most courts and commentators have agreed that *Dewsnup* does not apply in the reorganization context. Chapter 13 does have its own limitation, however, in that a chapter 13 plan cannot (aside from curing defaults) modify the rights of a creditor secured by a security interest in the debtor's primary residence and specifically cannot bifurcate such a claim into secured and unsecured components. § 1322(b)(2), Bankruptcy Code; *Nobleman v. American Savings Bank*, 508 U.S. 324, 113 S.Ct. 2106, 124 L.Ed.2d 228 (1993). However, the majority of courts—including the district court for this district—have held that *Nobleman* does not apply to a deed of trust, even against the debtor's primary residence, that is not supported by *any* equity. *Wright v. Commercial Credit Corp. (In re Wright)*, 178 B.R. 703 (E.D. Va. 1995), *appeal dismissed*, 77 F.3d 472 (4th Cir. 1996); *In re Dean*, 319 B.R. 474, 476 (Bankr. E.D. Va. 2004); *Johnson v. Asset Mgmt. Group, LLC*, 226 B.R. 364 (D. Md. 1998); *First Mariner Bank v. Johnson*, 411 B.R. 221 (D. Md. 2009);*SunTrust Bank v. Millard (In re Millard),* 414 B.R. 73 (D. Md. 2009), *affirmed* 2010 WL 5158561 (4th Cir. 2010) (unpublished); *In re Pond*, 252 F.3d 122, 126-27 (2nd Cir. 2001). The result is that a deed of trust that is supported by even $1.00 of equity cannot be modified; but a deed of trust that is not supported by *any* equity can be voided, leaving the creditor with only an unsecured claim.

In the present case, the court's determination of the value of the property leaves some minimal equity ($15,605) above the first deed of trust to which the second deed of trust can attach. Because even $1.00 of equity is sufficient to bar a strip-off of a security interest in a debtor's primary residence, United Bank's deed of trust cannot be avoided.

A separate judgment will be entered in favor of United Bank dismissing the complaint.

Date: _____    _____
                                            Stephen S. Mitchell
Alexandria, Virginia                        United States Bankruptcy Judge

Copies to:

Scott H. Donovan, Esquire
9402 Grant Avenue
Manassas, VA 20110
Counsel for the plaintiff

Arianna Sarah Gleckel, Esquire
Bean, Kinney & Korman, P.C.
2300 Wilson Blvd. 7th Floor
Arlington, VA 22201
Counsel for the defendant